IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REIAD M. KHALIL, individually and )
on behalf of all other similarly situated, )
                                                            )
                    Plaintiff, )
                                                            )
            vs. )                    No. 11-cv-02511-JAR-DJW
                                                           )
THE DWYER GROUP, INC. and MR. )
ELECTRIC CORP., )
                                                           )
                  Defendants. )
                                                           )

## MEMORANDUM AND ORDER

Plaintiff Reiad Khalil brought this action against Defendants The Dwyer Group, Inc. and Mr. Electric Corp. in state court, alleging various causes of action under Kansas law. Defendants then removed the case to federal court. The case is currently before the Court on Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) or, Alternatively, for Summary Judgment Under Fed. R. Civ. P. 56(f) (Doc. 5) and Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. 7). The motions have been briefed, and the Court is prepared to rule. As explained more fully below, the Court grants Plaintiff's motion to remand and thus denies Defendants' motion to dismiss as moot.

**I.     Background**

On August 9, 2011, Plaintiff filed his Complaint against Defendants in the District Court of Johnson County, Kansas. Defendants timely removed the action to the United States District Court for the District of Kansas on September 12, 2011, claiming the court had diversity of citizenship jurisdiction under 28 U.S.C. § 1332. In their notice of removal, Defendants also

requested that the Court consolidate the case with another case involving the same parties currently pending before Judge Murguia in the District of Kansas.[1] On September 19, 2011, Defendants filed a motion to dismiss or, alternatively, a motion for summary judgment. On October 10, 2011, Plaintiff filed a motion to remand, arguing that the Court has no basis for jurisdiction under 28 U.S.C. § 1332 because the amount in controversy does not exceed $75,000. Defendants responded, explaining that Plaintiff has not proven that the amount in controversy is less than $75,000 and that interests in promoting the efficient administration of justice make remand inappropriate.

## II.    Legal Standard

Federal courts are courts of limited jurisdiction, and as such they must have a statutory or constitutional basis to exercise jurisdiction over any controversy.[2] A defendant may remove a case to federal court if the plaintiff could have originally filed the action in federal court and the defendant is not a citizen of the state in which the plaintiff commenced the action.[3] But federal courts are required to remand a case to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[4] So to avoid remand, a defendant must show that the action satisfies the requirements for federal jurisdiction.[5]

---

[1] *See* Mr. Electric Corp. v. Reiad Khalil & Alber Electric Co., No. 2:06-cv-02414-CM.

[2] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see also United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1." (internal quotation omitted)).

[3] 28 U.S.C. § 1441(b).

[4] *Id.* § 1447(c).

[5] *See Montoya*, 296 F.3d at 955 ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

In this removal action, federal jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332.  Federal jurisdiction under § 1332 requires complete diversity of citizenship between the plaintiff and defendants and an amount in controversy exceeding $75,000.[6]  "The courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states."[7]  The presumption is thus against removal jurisdiction,[8] and courts must refrain from exercising jurisdiction in all cases where such jurisdiction does not affirmatively appear on the record.[9]

## III.  Analysis

Defendants claim that, for remand to be proper, Plaintiff has the burden of establishing a lack of jurisdiction—namely, Plaintiff must show the amount in controversy has not been met.  Defendants argue that because Plaintiff has not proven by a legal certainty that the amount in controversy is $75,000 or less, the jurisdictional amount is satisfied.  Defendants, however, rely on cases where it is the plaintiff that seeks federal court jurisdiction.[10]  In contrast, here it is the Defendants that seek federal court jurisdiction.  Thus, Defendants' argument that the burden lies with Plaintiff is misplaced.

As the party invoking federal court jurisdiction, Defendants bear the burden of proving,

---

[6]28 U.S.C. § 1332.

[7]*Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

[8]*Frederick & Warinner v. Lungren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[9]*Ins. Corp of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

[10]*See, e.g.*, *Watson v. Blankinship*, 20 F.3d 383 (10th Cir. 1994) (involving a claim filed by the plaintiffs in federal court, where the defendants argued for lack of subject matter jurisdiction); *Woodmen of World Life. Ins. Soc'y v. Manganaro*, 342 F.3d 1213 (10th Cir. 2003) (same); *Adams v. Reliance Standard Life Ins. Co.*, 224 F.3d 1179 (10th Cir. 2000).

by a preponderance of the evidence, that all of the requirements for diversity jurisdiction are satisfied.[11]  "Where a plaintiff has not instituted suit in federal court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . .'"[12]  To overcome this presumption, the defendant must affirmatively establish jurisdictional facts showing that it is possible for the recovery to exceed $75,000.[13]  "A complaint that presents a combination of facts and theories that may support a claim in excess of $75,000 can support removal."[14]  But if the complaint does not demand a specific amount of recovery, Defendant must articulate evidentiary grounds for the satisfaction of the jurisdictional minimum amount.[15]  If any uncertainties exist regarding the satisfaction of the jurisdictional amount, the Court must resolve the uncertainties in favor of remand.[16]

Here, the Court finds that Defendants have not proven, by a preponderance of evidence, any jurisdictional facts establishing an adequate amount in controversy.  Defendants merely state that Plaintiff's claims do not specify an amount of damages and they allude to an unspecified amount in Plaintiff's complaint for costs, attorneys fees, and other and further relief.  A district court may consider amounts such as attorneys fees in determining the amount in controversy,[17]

---

[11]*McPhail v. Deere & Co.*, 529 F.3d 947, 954–55 (10th Cir. 2008).

[12]*Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at  290).

[13]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[14]*McPhail*, 529 F.3d at 955.

[15]*See id.*

[16]*Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *see also Laughlin*, 50 F.3d at 873 ("[T]here is a presumption against removal.").

[17]*See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

but Defendants offer no evidence indicating what monetary value the Court should attach to any of Plaintiff's claims.  Thus, Defendants fail to meet their burden of proof, which requires them to affirmatively establish the satisfaction of the jurisdictional amount.[18]

The Court is further unpersuaded by Defendants' argument that remand is inappropriate because it would waste judicial economy.  Judicial economy is not a consideration that the Court may consider in determining whether it has subject matter jurisdiction.  As stated above, the federal court has limited jurisdiction, and without a statutory or constitutional basis for jurisdiction, it must remand the case.[19]  Defendants have not met the burden of proof for diversity of citizenship jurisdiction, nor have they set forth any other statutory or constitutional basis for jurisdiction.  Thus, the Court lacks subject matter jurisdiction and must remand the case to state court.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) or, Alternatively, for Summary Judgment Under Fed. R. Civ. P. 56(f) is **DENIED AS MOOT**

.

---

[18]*See Laughlin*, 50 F.3d at 873.

[19]*See Montoya v Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent.  They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1." (internal quotation omitted)).

**IT IS SO ORDERED**.

Dated: <u>December 9, 2011</u>

                                                <u> S/ Julie A. Robinson </u>
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE